Michael J. Doherty, Esq.
Doherty IP Law Group LLC
37 Belvidere Avenue
Washington, New Jersey 07882
(908) 689-8700

Attorneys for Plaintiff,
Maverick Industries, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
|  | **Document Filed Electronically** |
| Maverick Industries, Inc., a New Jersey Corporation |  |
| Plaintiff, | Civil Action No: _____ |
| V. | **Complaint and Jury Demand** |
| Aginova Inc., a New Jersey Corporation |  |
| Defendant. |  |

Plaintiff, Maverick Industries, Inc., by and through its counsel, hereby alleges as follows:

### Nature of the Action

1. This is an action for trademark infringement and unfair competition stemming from Aginova Inc.'s unlawful and unauthorized misappropriation of Maverick Industries, Inc.'s federally registered trademark and goodwill. Such acts have injured Maverick Industries, Inc.'s business and goodwill and unless restrained by this Court will continue to so damage Maverick Industries, Inc.

**PARTIES**

2. Maverick Industries, Inc. ("Maverick") is a New Jersey corporation having offices at 94 Mayfield Avenue, Edison, New Jersey 08837.

3. Upon information and belief, Aginova Inc. ("Aginova") is a New Jersey corporation having an address at 3 Chambry Court, Freehold, New Jersey 07728.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the trademark infringement claims asserted in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338. This Court has subject matter jurisdiction over the claims for unfair competition asserted in this action pursuant to 28 U.S.C. §1338.

5. This Court has supplemental jurisdiction over the claims of this Complaint that arise under the statutory and common law of the State of New Jersey pursuant to 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Aginova transacts business in this District, has committed acts in this District, derives substantial revenue from intrastate and interstate commerce related to this District, has caused injury in this District, and is, and has been at all relevant times, subject to personal jurisdiction in the State and District of New Jersey.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 because Aginova is incorporated and located in the State of New Jersey, a substantial part of the events or omissions giving rise to the claim occurred in New Jersey, and a

substantial part of property that is the subject of the action is situated in New Jersey.

### Maverick Industries, Inc.

8.  Maverick was founded in 1981 when it entered the home appliance market with an innovative line of electronic barbecue grills designed and manufactured in New Jersey. These upscale, high-quality products were introduced by leading department stores and specialty retailers across the country and established Maverick as an important innovator in consumer products. Later in the decade, Maverick began producing ceramic indoor electric grills and other appliance products.

9.  In 1991, Maverick introduced the Bar-B-Chek™ thermometer, the first electronic LED cooking thermometer. The Bar-B-Chek™ thermometer, which includes a handheld probe with color LED's that indicate a range of food temperatures from rare to well done, was an instant commercial success. In subsequent years, Maverick expanded its line of digital cooking thermometers to include fork thermometers, roasting thermometers for ovens and grills, candy and oil thermometers with presets for different results, and many specialty units, some even having voice features. Maverick continues to offer a broad line of digital cooking thermometers for virtually every purpose.

10. In the 1990s, Maverick worked closely with the USDA on a public service campaign to educate American consumers and cooks as to the importance of safe cooking temperatures, and added a complete line of analog cooking thermometers. Maverick's thermometers are accurate and reliable tools that foster food safety.

11. In 1999, Maverick invented a unique method of monitoring food temperatures using a transmitter and remote receiver. Over

the past 15 years, Maverick's remote thermometer system has been expanded into more than 25 different models with ever-longer transmission ranges, multiple high temperature heat-resistant food probes and better battery life. Maverick's latest models, the ET-732 and ET-733 Remote Barbecue/Smoker Thermometers, have become immensely popular with amateur and professional chefs across the country.

12. In 2014, Maverick launched a complete line of home emergency preparedness products, solar backup phone batteries and related items under its SECUR® Products trademark.

13. In 2015, Maverick developed a wireless cooking and temperature monitoring system that utilizes a smartphone software application, which is sold under the federally registered trademark iChef®. The wireless cooking and temperature monitoring system includes a first unit having a thermometer, and a wireless transmitter adapted to transmit temperature readings, and a second unit having a wireless receiver adapted to receive wirelessly transmitted temperature readings. The second unit may include a smartphone and may have data input elements for controlling the system including selecting a meat choice and a taste preference associated with the selected meat choice, and a visual display for monitoring cooking operations.

14. Maverick is the holder of numerous U.S. utility and design patents, principally related to cooking thermometers and small kitchen appliances.

15. For over thirty-five years, Maverick has spent considerable monetary sums and efforts advertising its goods and services under the trademarks MAVERICK®, REDI-CHEK®, ELECTRIC CHAR-B-

QUE®, CHEF TUNES®, SECUR®, AUTOCAFE®, AND iChef® ("the Maverick Marks").

16. Maverick's efforts, and the quality of Maverick's goods and services, have caused the Maverick Marks to become well known throughout the United States.

17. Maverick has customers throughout the United States.

18. Maverick prides itself on its quality goods and services and has expended considerable effort and expense to cultivate its goodwill and reputation.

### Maverick Industries, Inc.'s Marks

19. Maverick is the owner of U.S. Trademark Registration No. 4,974,539 for the mark iChef® for a "wireless cooking system incorporating a first unit having a thermometer, a wireless transmitter adapted to transmit temperature readings, and a second unit primarily comprising a wireless receiver adapted to receive the transmitted temperature readings, data input elements, namely, a capacitive touchscreen designed for multi-touch sensing, for controlling the system including selecting a meat choice and a taste preference associated with the selected meat choice and a visual display, namely, a liquid crystal display for monitoring cooking operations," all in international class 009. Maverick began using the iChef® trademark in commerce, at least as early as September 30, 2015. A copy of the trademark registration is provided as Exhibit A.

20. Maverick has also derived common law rights in the iChef® mark for its smartphone application and wireless cooking systems.

21. Maverick continues to use the iChef® mark to market and sell smartphone application, wireless cooking systems, and thermometers throughout the United States. (See Exhibit A)

**Infringing Activities**

22. Aginova currently uses the iChef® mark in association with a smartphone application for wirelessly monitoring and controlling cooking operations and cooking temperatures.

23. Aginova refers to its smartphone application as "iChef" on the iTunes store website.  (Exhibit B)

24. Aginova also sells temperature probes for use with its smartphone application under the marks iChefEZ and iChefElite.  (Exhibit B)

25. Upon information and belief, Aginova began its unlawful use of the iChef® trademark well after Maverick (May 5, 2016), thus making Maverick the senior user.

26. Other uses of the iChef® mark include Aginova's website [www.ichefmate.com](www.ichefmate.com) and a social media page on Facebook at [www.facebook.com/ichefmate/](www.facebook.com/ichefmate/), which uses the marks iChef, iChefEZ, iChefElite and iChefGO.  (Exhibit C)

**Effects on Maverick Industries, Inc. and the Public**

27. Aginova's use of the iChef® mark in association with offering for sale and selling nearly identical goods (i.e., wireless cooking systems, electronic cooking appliances and thermometers) has caused and will continue to cause detrimental effects on Maverick and the consuming public by creating an atmosphere of confusion, mistake, and uncertainty in the marketplace, and deceives customers as to the affiliation, connection, or sponsorship of Aginova with Maverick, or as to the origin, sponsorship, or approval of wireless cooking systems, electronic cooking appliances and thermometers offered by Aginova.

28. Upon information and belief, there have been instances of confusion in the marketplace between goods and services marketed and sold by Aginova and goods and services sold by Maverick under the iChef® mark.

29. On September 2, 2016, Maverick contacted Aginova in attempts to amicably resolve the confusion.

30. In response, in a facsimile letter dated September 11, 2016, Aginova rejected efforts to amicably resolve the matter and asserted that there was no likelihood of confusion. (Exhibit D)

31. In the facsimile letter dated September 11, 2016, Aginova also indicated that it intended to further encroach on Maverick's iChef® mark, asserting that Aginova had filed a trademark application to register "ichefmate" as a trademark for its smartphone software application.

32. Aginova's unauthorized use of the iChef® mark continues to create confusion in the marketplace and is likely to cause additional confusion.

33. Aginova's unauthorized use of the iChef® mark falsely indicates to the consuming public that Aginova's activities are associated, affiliated, or connected with Maverick, or are sponsored or endorsed thereby.

34. Aginova's use of the iChef® mark trades off the goodwill established by Maverick, and permits Aginova to benefit from such goodwill.

35. Aginova's unauthorized use of the iChef® mark does not provide Maverick with the ability to control the nature and quality of the goods and services provided under its mark, and places Maverick's valuable goodwill in the sole hands of Aginova.


36. Aginova has been unjustly enriched by its use of the iChef® mark to sell wireless cooking systems, electronic cooking appliances and thermometers.

37. Despite notice of Maverick's rights, Aginova has not ceased nor desisted from its wrongful conduct.

38. Unless restrained by this Court, these acts will continue and will cause irreparable injury to Maverick and the general public for which there is no adequate remedy at law.

## COUNT I

## §32 OF THE LANHAM ACT

39. Maverick realleges and incorporates by reference herein the previous allegations contained in this Complaint.

40. Maverick's federal registration on the Principal Register for the mark iChef® is conclusive evidence of Maverick's exclusive right to use the mark, pursuant to the Lanham Act, 15 U.S.C. §1115.

41. Aginova's wrongful use of Maverick's mark, or colorable imitations thereof, in connection with the offering for sale, sale, distribution, and/or advertising of wireless cooking systems, electronic cooking appliances and thermometers, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval by Maverick of Aginova's products in violation of the Lanham Act, 15 U.S.C. §1114.

42. The infringing acts committed by Aginova were committed willfully, knowingly, maliciously, and in conscious disregard of Maverick's rights.

43. Unless enjoined by this Court, such acts will continue to cause damages to Maverick and the consuming public.

44. Upon information and belief, Aginova's conduct, including continued infringement after notice, constitutes willful and malicious infringement of Maverick's mark under 15 U.S.C. §1114, rendering this case "exceptional" under 15 U.S.C. §1117.

45. Maverick has no adequate remedy at law.

## COUNT II

## §43(a) OF THE LANHAM ACT

46. Maverick realleges and incorporates by reference herein the previous allegations contained in this Complaint.

47. The iChef® mark is well established and serves to identify the goods and services that Maverick sponsors, approves, authorizes, and is associated or affiliated with.

48. The iChef® mark has acquired distinctiveness and secondary meaning in connection with the goods they are registered for.

49. Aginova has actual knowledge of the iChef® mark and is aware of the advertising and promotional activities of Maverick.

50. Aginova continues to use, and has expressed no desire to cease using, the iChef® mark, or colorable imitations thereof in the advertising and promotion of Aginova's goods and services.

51. Such uses are likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Maverick with Aginova, and as to the origin, sponsorship, or approval of Aginova's goods and commercial activities by Maverick, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52. Such uses constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53. Aginova's conduct represents a conscious and intentional effort to misappropriate Maverick's goodwill for the purpose of unjustly enriching Aginova, and unless restrained by this Court will continue to do so.

54. Maverick has no adequate remedy at law.

## COUNT III

### COMMON LAW UNFAIR COMPETITION

55. Maverick realleges and incorporates by reference herein the previous allegations contained in this Complaint.

56. The aforesaid acts of Aginova constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

57. The unfair business practices of Aginova are continuous, deliberate, malicious, willful, knowing, and done in conscious disregard of Maverick's rights.

58. The aforesaid conduct of Aginova has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to Maverick.

59. Aginova's infringement has caused Maverick to sustain monetary damage, loss, and injury in an amount to be determined.

60. Maverick has no adequate remedy at law.

## COUNT IV

### UNFAIR COMPETITION UNDER N.J.S.A. §56:4-1 *et seq.*

61. Maverick realleges and incorporates by reference herein the previous allegations contained in this Complaint.

62. Aginova's unauthorized use of the iChef® mark or colorable imitations thereof in its advertising and other promotions constitutes acts of unfair competition through its appropriation

for its own use Maverick's name, brand, trademark, reputation, and goodwill in violation of N.J.S.A. §56:4-1.

63. These acts of Aginova are continuous, deliberate, malicious, willful, knowingly, and done in conscious disregard of Maverick's rights.

64. The aforesaid conduct of Aginova has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to Maverick.

65. Maverick has no adequate remedy at law.

### COUNT V

### DECEPTIVE TRADE PRACTICES UNDER NEW JERSEY COMMON LAW

66. Maverick realleges and incorporates by reference herein the previous allegations contained in this Complaint.

67. Aginova's unauthorized use of the iChef® mark in advertising constitutes deceptive trade practices in violation of the common law of the State of New Jersey.

68. Aginova's acts were committed willfully, knowingly, maliciously, and in conscious disregard of Maverick's rights.

69. Aginova's acts have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Maverick's property and business.

70. Maverick has no adequate remedy at law.

### PRAYERS FOR RELIEF

**WHEREFORE,** Maverick respectfully requests that this Court:

A. Enter judgment that Aginova has violated 15 U.S.C. §1114 and/or §1125(a).

B. Award preliminary and permanent injunction under 15 U.S.C. §1116(a) ordering Aginova and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, the term iChef® in association with its goods and services including its smartphone software application, and to file with the Court and serve on Maverick within thirty (30) days of service on Aginova of such injunction a report in writing under oath setting forth in detail the manner and form in which Aginova has complied with the injunction.

C. Award preliminary and permanent injunction under 15 U.S.C. §1116(a) ordering Aginova and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, any terms or phrases that are confusingly similar to the iChef® mark.

D. Award damages to Maverick as provided under 15 U.S.C. §1117(a), including Aginova's profits, three times the actual damages sustained by Maverick, and reasonable attorneys fees to Maverick as the prevailing party, and/or if the Court shall find that the amount of recovery based on profits is inadequate, to award in its discretion a sum the Court finds just, according to the circumstances of this case.

E. Award to Maverick compensatory, consequential, and/or incidental damages.

F. Award to Maverick treble, exemplary, and/or punitive damages.

G. Award to Maverick its reasonable attorneys fees and costs.

H. Award prejudgment and post judgment interest on the above monetary awards.

I.  Provide such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Maverick Industries, Inc. demands a trial by jury on all issues so triable.

<div style="text-align: right;">
Respectfully submitted,

Doherty IP Law Group LLC
Attorneys for Plaintiff,
Maverick Industries, Inc.
</div>

Dated: November 8, 2016    By:  s/ Michael J. Doherty
Michael J. Doherty

Tel: (908) 689-8700
E-mail: mdoherty@dohertyiplaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, plaintiff or plaintiff's attorney is unaware of any other pending action, in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

Doherty IP Law Group LLC
Attorneys for Plaintiff,
Maverick Industries, Inc.

Dated: November 8, 2016    By:  s/ Michael J. Doherty
Michael J. Doherty

Tel: (908) 689-8700
E-mail: mdoherty@dohertyiplaw.com